IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN C. HETHERINGTON,

        Plaintiff,                    No. CIV S-04-1287 GEB GGH P

    vs.

JOHN ASHCROFT, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff has filed a request for reconsideration of this court's order filed March 23, 2005, denying plaintiff's motion for reconsideration of the Magistrate Judge's order filed February 15, 2005.

<u>Standards For Motions To Reconsider</u>

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or

1

what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Discussion

On October 22, 2004, the magistrate judge dismissed the complaint and granted plaintiff thirty days to file an amended complaint. On November 17, 2004, plaintiff filed objections to this order. On November 29, 2004, this court construed the

1 objections as a request for reconsideration and affirmed the
2 October 22, 2004, order.  On December 6, 2004, plaintiff filed an
3 interlocutory appeal of the November 29, 2004, order.
4         On January 26, 2005, the Ninth Circuit Court of Appeals
5 dismissed plaintiff's appeal.  On February 15, 2005, the
6 Magistrate Judge ordered plaintiff to file an amended complaint
7 within thirty days.  On March 9, 2005, plaintiff filed a motion
8 for reconsideration of this order.  On March 23, 2005, this court
9 affirmed the February 15, 2005, order.  Now pending is
10 plaintiff's April 11, 2005, motion for reconsideration of the
11 March 23, 2005, order.
12         At this point, plaintiff's refusal to file an amended
13 complaint is game playing.  If plaintiff does not file an amended
14 complaint within thirty days, this action will be dismissed.
15         Accordingly, IT IS HEREBY ORDERED that:
16         1.  Upon reconsideration, this court's order of March
17 23, 2005, is affirmed
18         2.  Plaintiff's amended complaint is due within thirty
19 days of the date of this order; failure to file an amended
20 complaint within this time will result in dismissal of this
21 action.
22 Dated:  April 18, 2005
23
24                          /s/ Garland E. Burrell, Jr.
                            GARLAND E. BURRELL, JR.
                            United States District Judge
25
26